# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHAHAD ALEJRISH, A# 212 411 829,<br><br>  5050 Clayridge Dr. Apt 115<br>  St. Louis, MO 63129<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br><br>UR MENDOZA JADDOU, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588<br><br>and,<br><br>KATHY BARAN, Director of the California Service Center of the United States Citizenship and Immigration Services,<br><br>Serve: Kathy Baran<br>       USCIS<br>       24000 Avila Road<br>       Laguna Niguel, CA 92677<br><br>  Defendants. | Case No.  4:21-cv-1082 |

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S IMMIGRANT VISA APPLICATION**

Plaintiff Shahad Alejrish respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed spouse visa application.

## PARTIES

1. Plaintiff Shahad Alejrishis a Lawful Permanent Resident of the United States.

2. Plaintiff's spouse Adeeb Al Muradi is a citizen of Iraq, currently residing in Iraq.

3. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file spouse visa applications.

4. Defendant Ur Mendoza Jaddou, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

5. Defendant Kathy Baran, Director of the California Service Center of the United States Citizenship and Immigration Services is the highest-ranking official within the California Service Center. The California Service Center is responsible for the processing of Plaintiff's I-130 application. Baran is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Kathy Baran is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

6. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus

Act, 28 USC § 1361.

7. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

8. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to's visa application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Shahad Alejrish is the spouse of Adeeb Al Muradi and is the spouse visa petitioner for Adeeb Al Muradi's immigrant visa application.

10. Under federal immigration law, USCIS is authorized to approve a spouse visa application filed by a U.S. citizen or lawful permanent resident and to issue an immigrant visa to allow the spouse to enter the U.S. and obtain lawful permanent resident status.

11. Adeeb Al Muradi is a citizen of Iraq. Iraq is a predominantly Muslim country.

12. Shahad Alejrish filed a visa petition for Adeeb Al Muradi with the USCIS on February 25, 2020. The receipt number is IOE0908560723.

13. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

14. USCIS has failed to adjudicate Plaintiff's I-130 spouse visa petition.

15. Shahad Alejrish has made repeated attempts to obtain a decision in this matter without involving this honorable Court.  Plaintiff has contacted USCIS multiple times.  This has led nowhere.

## FIRST CLAIM FOR RELIEF

**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

19. The Defendants have refused to adjudicate Plaintiff's application and to issue the requested visa application.

20. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

21. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Adeeb Al Muradi due to security concerns.

22. On information and belief, Plaintiff alleges that the Defendants are intentionally refusing to rule on Adeeb Al Muradi's visa application pursuant to the CARRP program. Plaintiff alleges that this delay is due to Adeeb Al Muradi being from a predominantly Muslim country.

23. Upon information and belief, Plaintiff alleges that the USCIS and the DOS are

and have been complicit in the delay in processing Adeeb Al Muradi's visa application.

24. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

25. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Adeeb Al Muradi—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

26. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

27. Plaintiff alleges that Adeeb Al Muradi's application has been in administrative processing beyond a reasonable time period for completing administrative processing of their visa application.

28. The combined delay and failure to act on Adeeb Al Muradi's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

29. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

30. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

### SECOND CLAIM FOR RELIEF
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

32. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

33. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

34. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of consortium between Plaintiff and Adeeb Al Muradi, among other ways.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Shahad Alejrish requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the

Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit applications;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Adeeb Al Muradi's immigrant visa pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Adeeb Al Muradi;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa application;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED
August 31, 2021

*/s/ James O. Hacking, III*
James O. Hacking, III

MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**